UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL CLARK                                              CIVIL ACTION

VERSUS                                                  NO. 18-5076

JIRI JANDA, ET AL.                                      SECTION "S" (3)

## ORDER

Before the Court is the Motion for Leave of Court to File Counterclaim and Supplemental and Amending Answer [Doc. #13] filed by defendant Werner Enterprises, Inc. ("Werner"). The motion is opposed. [Doc. #15]. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.    Factual Background**

The complaint alleges that on or about July 19, 2017, plaintiff Paul Clark, who owned and was operating his 2005 Nissan Maxima, was traveling westbound in the right lane of I-10. At the same time, defendant Jiri Janda was driving a 2016 Freightliner truck with an attached trailer in the same direction but in the middle lane. Janda attempted to change from the middle to the right lane and entered Clark's lane of travel, colliding with Clark's vehicle. The New Orleans Police Department cited Janda for unreasonable vigilance. Defendant Werner owned the vehicle driven by Janda, who was in the course and scope of his employment with Werner at the time of the accident.

Clark sustained injuries to his neck and back, which require continuing medical care and treatment. He thus sues in negligence Janda, Werner, and Werner's liability insurer, Ace American Insurance Company.

**II.     Law and Analysis**

Werner asks the Court for leave to file a counterclaim and an eighth affirmative defense alleging fraud on the part of Clark. In short, defendant alleges that its investigation has revealed – and it now believes – that Clark was aware of other similar claims brought by or on behalf of his neighbors, relatives, and associates involving disputed-liability sideswipe-type collisions with commercial vehicles; that Clark conspired to cause and/or staged this incident; that on or about July 19, 2017, he did in fact cause and/or stage this accident; and that he is now presenting a fraudulent claim arising out of the subject incident.

For his part, Clark alleges that Werner's amendment results in an unfair surprise to him due to the fraudulent claim accusation. He also essentially argues that the amendment is futile because Werner has failed to plead fraud with particularity, *i.e.*, failed to allege the who, what, when, where, and how of the fraud. This failure, in turn, does not to give Clark fair notice of the claims asserted against him to enable him to articulate his responsive pleading. He further contends that the amendment damages his reputation and that of his attorney, Jason Baer, and is nothing more than a fishing expedition.

Federal Rule of Civil Procedure Rule 15(a) allows leave to amend an answer to assert affirmative defenses. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 13(f) allows leave to amend an answer to assert omitted counterclaims. *Id.* 13(f). "The standards for determining whether leave should be granted under Rule 13(f) to allege an omitted counterclaim are similar to those under Rule 15(a)." *Inline Corp. v. Tricon Rests. Int'l*, No. Civ. A. 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (citing 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL

2

PRACTICE AND PROCEDURE § 1479 at 573-74 (1990) ("Thus, little seems to turn on whether the amendment is made under Rule 13(f) or Rule 15(a) because using the latter provision's permissive approach would permit the counterclaim to be added in almost every case under Rule 13(f)."); *see also Garcia v. Madison River Commc'ns, L.L.C.*, Civ. A. No. 02-0015, 2002 WL 1798774, at *2 (E.D. La. Aug. 5, 2002) ("Rule 13 should be read in conjunction with Rule 15 of the Federal Rules of Civil Procedure.") (citing *Inline Corp.*, 2002 WL 1331885, at *1). Given the similarity of the two standards, and that both parties briefed leave to amend under Rule 15(a), the Court will analyze all of Werner's proposed amendments under Rule 15(a).

Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). Thus, leave should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave to amend if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The parties concede that there is no undue delay here because Werner filed the motion to amend on the day of the amendment deadline in the District Court's scheduling order. Neither do the parties argue bad faith or dilatory motives or repeated failures to cure earlier amendments. Clark's argument here is based on futility, *i.e.*, that Werner has failed to plead fraud with particularity.

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citation omitted). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (quotations and citations omitted); *accord Fenghui Fan v. Brewer*, 377 Fed. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)) (footnote omitted).

The futility argument here is based on an affirmative defense and counterclaim in fraud. The parties do not dispute that Louisiana law applies here in this diversity suit. *Boutain v. Radiator Specialty Co.*, Civ. A. No. 11-1907, 2011 WL 6130754, at *1 (E.D. La. Dec. 8, 2011). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for fraud claims. *See id.* The purpose of Rule 9(b) is to "ensur[e] the complaint 'provides defendants with fair notice of the plaintiffs' claims, protect[ ] defendants from harm to their reputation and goodwill, reduce[ ] the number of strike suits, and prevent[ ] plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'" *United States ex. rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud

4

or mistake." Fed. R. Civ. P. 9(b). The required conditions of a person's mind, however, may be alleged generally. *Id.* For example, the Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The requirements of Rule 9(b) are "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Lentz v. Trinchard*, 730 F.Supp.2d 567, 579 (E.D. La. 2010) (citing *Grubbs*, 565 F.3d at 185) (quoting *Twombly*, 550 U.S. at 570).

State-law fraud claims, such as those alleged by plaintiffs here, are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (explaining that both state-law fraud claims and federal securities claims are subject to the heightened pleading requirements of Rule 9(b)) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules. . . .")). Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a

misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008); *see also Gonzalez v. Gonzalez*, 20 So.3d 557, 563 (La. Ct .App. 2009).

This Court has reviewed the eighth affirmative defense and the proposed counterclaim and finds that they satisfy Rule 15 at this time. The counterclaim alleges that Janda experienced no vehicular impact on the day of the alleged accident and that there was no damage to either Janda's or Clark's vehicle. It alleges that Werner has discovered through investigation that there have been 30 "similar" accidents that have resulted in litigation against insurance companies. It outlines the details of the alleged scheme to defraud insurance companies by faking accidents, *i.e.*, how the plaintiffs perpetrated the alleged fraudulent accidents. Werner also includes a detailed chart that delineates the plaintiffs in all of the similar lawsuits, counsel for plaintiffs in those lawsuits, when the accidents allegedly occurred, where they occurred, and what circumstances caused the underlying accidents. The chart lists 21 of these "similar" accidents. The counterclaim ultimately alleges that plaintiff here and those in the other 20 lawsuits have fraudulently misrepresented the occurrence of the underlying vehicular accidents in order to defraud the insurance companies.

The counterclaim and the accompanying affirmative defense are sufficient under Rule 15. The allegations are detailed enough to fairly apprise Clark of the claims against him. Clark cannot cry prejudice here given that he has adequate time within which he can complete discovery before the discovery deadline of April 19, 2019. This Court cannot say at this time – especially under the liberal standard of Rule 15 – that the counterclaim fails to state a claim to relief that is plausible

on its face. That is more appropriately the subject of a motion before the District Court after the parties have conducted some discovery on their claims.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Leave of Court to File Counterclaim and Supplemental and Amending Answer [Doc. #13] is GRANTED.

New Orleans, Louisiana, this 28th day of January, 2019.

*[signature]*
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**