# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL CLARK | CIVIL ACTION |
| VERSUS | NO: 18-5076 |
| JIRI JANDA, ET AL | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Dismiss Counterclaim** (Rec. Doc. 22) is **DENIED**.

This case involves an alleged auto accident on I-10 near the Chef Menteur exit in New Orleans. Plaintiff alleges he suffered damages to his automobile as well as personal injuries when a tractor-trailer truck attempting to change lanes allegedly collided with him. In their counterclaim, defendants argue that the accident did not happen as reported, and in fact was staged.

Plaintiffs have moved to dismiss the counterclaim, arguing that defendants have not met the heightened pleading standard required to plead fraud as required by Federal Rule of Civil Procedure 9(b). The allegations in the counterclaim include a chart detailing a scheme involving a number of friends and relatives to plaintiff who have prosecuted over 30 remarkably similar claims over the past months, all represented by counsel whose offices are located at 525 Clay Street in

Kenner, which is the same address as Total Medical Concepts, a 3rd party litigation funding company that provided funding for many of the claimants.

This issue was recently litigated in front of Magistrate Judge Douglas, in a slightly different context, when she entertained defendants' motion for leave to file the counterclaim, which plaintiff opposed on the same grounds that it now seeks to dismiss the counterclaim. In ruling on the motion for leave to amend, Magistrate Judge Douglas considered whether allowing the proposed amendment would be futile for purposes of Rule 15, because the proposed pleading did not adequately plead fraud. She found that amendment would not be futile – essentially concluding that fraud was adequately pled, stating:

> State-law fraud claims, such as those alleged by plaintiffs here, are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (explaining that both state-law fraud claims and federal securities claims are subject to the heightened pleading requirements of Rule 9(b)) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules. . . .")). Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir.

2008); *see also Gonzalez v. Gonzalez*, 20 So.3d 557, 563 (La. Ct .App. 2009).

This Court has reviewed the eighth affirmative defense and the proposed counterclaim and finds that they satisfy Rule 15 at this time. The counterclaim alleges that Janda experienced no vehicular impact on the day of the alleged accident and that there was no damage to either Janda's or Clark's vehicle. It alleges that Werner has discovered through investigation that there have been 30 "similar" accidents that have resulted in litigation against insurance companies. It outlines the details of the alleged scheme to defraud insurance companies by faking accidents, *i.e.*, how the plaintiffs perpetrated the alleged fraudulent accidents. Werner also includes a detailed chart that delineates the plaintiffs in all of the similar lawsuits, counsel for plaintiffs in those lawsuits, when the accidents allegedly occurred, where they occurred, and what circumstances caused the underlying accidents. The chart lists 21 of these "similar" accidents. The counterclaim ultimately alleges that plaintiff here and those in the other 20 lawsuits have fraudulently misrepresented the occurrence of the underlying vehicular accidents in order to defraud the insurance companies.

The counterclaim and the accompanying affirmative defense are sufficient under Rule 15. The allegations are detailed enough to fairly apprise Clark of the claims against him. This Court cannot say at this time – especially under the liberal standard of Rule 15 – that the counterclaim fails to state a claim to relief that is plausible on its face.[1]

The court finds that for the same reasons cited by Magistrate Judge Douglas to support the conclusion that the amendment was not futile for purposes of Rule 15, it also meets the heightened pleading standard of Rule 9. If taken as true, the

---

[1] Rec. Doc. 17.

allegations of the counterclaim state a plausible claim for fraud. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Dismiss Counterclaim** (Rec. Doc. 22) is **DENIED**.

New Orleans, Louisiana, this __14th__ day of March, 2019.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**